IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AT&T Corp., <br><br> Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> Superior Telephone Cooperative, et al., <br><br> Defendants. | No. 4:07-cv-043-JEG-RAW |
| Qwest Communication Corp., <br><br> Plaintiff, <br><br> vs. <br><br> Superior Telephone Cooperative, et al., <br><br> Defendants. | No. 4:07-cv-078-JEG-RAW |
| Sprint Communication Company, <br><br> Plaintiff, <br><br> vs. <br><br> Superior Telephone Cooperative, et al., <br><br> Defendants. | No. 4:07-cv-194-JEG-RAW |

**MOTION OF DEFENDANT FUTUREPHONE TO LIFT STAY
TO PERMIT FILING OF COUNTERCLAIM**

Defendant Futurephone.com, LLC ("Futurephone") respectfully moves for a partial

lifting of the stay in these cases to permit its filing of a counterclaim against plaintiffs AT&T

Corp. ("AT&T"), Qwest Communications Corporation ("Qwest") and Sprint Communications Company L.P. (collectively, the "Counterclaim Defendants").  Futurephone's proposed Counterclaim is attached as Exhibit 1 to this Motion.  The basis for this Motion is as follows.

This Court's February 13, 2008 Order states:

> The Court is persuaded the FCC's Qwest decision materially impacts the proceedings before this Court, there will be no unfair prejudice to any party by the additional delay, and thus the most prudent course of action is to defer further action by the parties and the Court herein until the FCC has ruled on the merits of Qwest's petition for reconsideration.  Upon completion of the FCC action in the Qwest case, this Court will enter an order directing further proceedings in these cases.

On May 16, 2008, Futurephone filed a motion to lift the stay in AT&T Corp. v. Superior Telephone Cooperative, et al., (No.4:07-cv-00043).  In that motion, Futurephone cited, as a reason to lift the stay, the need for it to preserve and protect its rights to bring counterclaims, including the Communications Act claims having a two-year statute of limitations (citing 47 U.S.C. § 415(b)), noting that it was unclear whether the court's stay suspends the running of the statute of limitations as an indisputable matter of law.  (See Futherphone's Brief in Support of Joint Motion for Partial Lifting of Stay (May 16, 2008), at 8.)  Futurephone posits that those counterclaims are tolled at least during the pendency of the stay in these actions, but it cannot assure or assume that plaintiffs, the proposed counterclaim defendants, will concede the point, or that it will be regarded as indisputable as a matter of law.

In its response to Futurephone's motion to lift the stay, plaintiff AT&T stated: "even if [Futurephone] could articulate such claims under the Communications Act, it could preserve or pursue those claims without seeking the relief requested by its motion – for example, by seeking

relief from the stay solely to file its counterclaims." (Response of Plaintiff AT&T Corp. to Motion to Lift Stay" (June 4, 2008), at 10.) Plaintiff Sprint apparently agrees with that view. (See Motion of Sprint Communications, Inc. to Lift Stay (June 5, 2008), at 6.)

Futurephone's motion to lift the stay is pending. That motion identifies the need, and hence encompasses a request, for lifting the stay to allow filing of counterclaims, even if that motion requests a broader, comprehensive stay lift. In any event, without waiver of its request for a comprehensive stay lift, Futurephone requests that the stay be lifted at least to allow the filing of its counterclaim against plaintiffs.

The more limited lifting of the stay solely to allow the filing of counterclaims would not prejudice plaintiffs; indeed, at least two of them (AT&T and Sprint) have apparently invited that course of relief. Plaintiffs would not be required to file responsive pleadings or motions to the counterclaim. Hence, plaintiffs could only benefit from having the additional time to review and respond to the counterclaim. Further, lifting the stay to permit filing of counterclaims would not undermine the basis for the Court's decision to defer consideration on pending motions before this Court until the FCC has ruled on the Qwest petition for reconsideration of the FCC's Qwest decision.

Lifting the stay to permit filing of counterclaims, however, would serve to protect Futurephone against undue prejudice from the risk of possible assertions or questions raised as to whether counterclaims are tolled during the pendency of stay. It is clear that the Court's pending stay bars filing of the proposed Counterclaim. The pendency of that stay should therefore toll the statute of limitations on claims asserted in the Counterclaim. But the matter has not yet been conceded, or decided, here as a matter of law.

Absent tolling, the running of the two-year statute of limitations for recovery of damages under the Communications Act, as set forth in 47 U.S.C. § 415(b), is fast approaching.[1]  Section 415(b) provides that "[a]ll complaints against carriers for the recovery of damages not based on overcharges shall be filed with the Commission within two years from the time the cause of action accrues. . . ."  That statute of limitations applies to claims for damages filed in federal court.  See US West, Inc. v. Business Discount Plan, Inc., 196 F.R.D. 576, 587-88 (D. Col. 2000).  The accrual of the cause of action starting that two-year limitations period has been regarded, by judicial and FCC precedent, as "the date of injury, or if the injury is not readily discoverable, at the time the complainant should have discovered it."  Communications Vending Corp. of Arizona, Inc. v. FCC, 365 F.3d 1064, 1072-73 (D.C. Cir. 2004).

Here, the inception of Futurephone's alleged injury, or the soonest it could have been discovered, was no earlier than when plaintiffs first refused to pay invoices submitted to them by the Iowa LECs for lawfully tariffed access charges due for terminating Futurephone traffic.  As alleged in the proposed Counterclaim, the first such LEC invoices that included access charges for Futurephone traffic were submitted to plaintiffs in late October 2006, and became due 30 days later, in late November 2006, and were first disputed by one of the plaintiffs (AT&T) in November 2006.  (See Exh.1 ¶¶ 26, 28-29.)

---

[1]   Apart from tolling based on the pending stay, Futurephone also asserts there would be tolling during the pendency of its request to the FCC, initiated July 11, 2007,  to invoke its Accelerated Docket procedure to decide its claims under the Communications Act.  (See "Futurephone Notice of Submission to the Court of FCC Accelerated Docket Matter" (July 13, 2007).)  The FCC ultimately denied the request to act on the Futurephone's complaint under its Accelerated Docket procedure.

In an analogous context, involving a plaintiff LEC's action for collection of access charges billed to a long-distance carrier, the court addressed plaintiff's argument that its cause of action did not accrue – and hence start the two-year statute of limitations for recovery of lawful charges under 47 U.S.C. § 415(a) – until that LEC learned defendant had no intention of paying plaintiff's bills to it, concluding: "[t]he Court finds the statute of limitations for the federal claim began to run on January 26, 1990, the due date of the December 26, 1989 bills." <u>Central Scott Tel. Co. v. Teleconnect Long Distance Services & Systems Co.</u>, 832 F. Supp. 1317, 1320-21 (S.D. Iowa 1993).

Applying the logic of that decision here, the accrual of Futurephone's claims under the Communications Act would be no earlier than late November 2006 (when invoices were first due that were disputed or not paid); and therefore, absent tolling, the two-year limitations period for recovery of damages under the Communications Act would expire no earlier than late November 2008.

Whether or not plaintiffs will dispute this, or deny that Futurephone can state cognizable claims under the Communication Act, or assert those claims are time-barred, there can be no dispute that: (a) the pending stay bars filing of counterclaims; (b) it has not been conceded or determined here that counterclaims are tolled during the pendency of the stay; and (c) absent tolling, the expiration of the two-year statute of limitations on those claims looms near. So, absent a stipulation or determination as a matter of law that there is tolling during the stay, Futurephone will suffer undue prejudice unless the stay is lifted to allow it to file it proposed Counterclaim.

Therefore, without waiver of its request for that a comprehensive stay lift, Futurephone requests that stay be lifted at least to allow the filing of its Counterclaim against plaintiffs.

          Respectfully submitted,

          /s/ James R. Wainwright
          Edward W. Remsburg     AT0006511
          James R. Wainwright     AT0008236
          AHLERS & COONEY, P.C.
          100 Court Avenue, Suite 600
          Des Moines, IA 50309
          Tel:    515-243-7611
          Fax:   515-243-2149
          Email:  ERemsburg@Ahlerslaw.com
          Email:JWainwright@Ahlerslaw.com

          Maxwell M. Blecher *(Pro hac vice application pending)*
          Gary M. Joye *(Pro hac vice application pending)*
          Blecher & Collins, P.C.
          515 South Figueroa Street, Suite 1750
          Los Angeles, CA 90071
          Tel: (213) 622-4222
          Fax: (213) 622-1656
          Email: mblecher@blechercollins.com
                  gjoye@blechercollins.com

          Attorneys for Counterclaim Plaintiff
          FUTUREPHONE.COM, LLC

Original filed electronically.

Copy to:

Daniel B. Shuck
Jeana L. Goosman
HEIDMAN LAW FIRM
2728 Historic Fourth Street
Sioux City, IA  51101
ATTORNEYS FOR AVENTURE
COMMUNICATION TECHNOLOGY LLC

Jonathan E. Canis
KELLEY DRYE & WARREN LLP
3050 K Street, N.W.
Suite 400
Washington, D.C.  20007
ATTORNEYS FOR AVENTURE
COMMUNICATION TECHNOLOGY LLC

Michael B. Hazzard
Russ A Buntrock
WOMBLE CARLYLE SANDRIDGE &
RICE
1401 Eye Street, N.W.
Seventh Floor
Washington, D.C.  20005
ATTORNEYS FOR AVENTURE
COMMUNICATION TECHNOLOGY LLC

Paul D. Lundberg
Lundberg Law Firm
600 - 4th Street
Suite 906
Sioux City, IA  51101
ATTORNEYS FOR AVENTURE
COMMUNICATION TECHNOLOGY LLC

Thomas George Fisher, Jr.
Parrish Law Firm
2910 Grand Avenue
Des Moines, Iowa 50312
ATTORNEYS FOR AVENTURE
COMMUNICATION TECHNOLOGY LLC

Richard W. Lozier, Jr., Esq.
Belin, Lamson, McCormick,
Zubach & Flynn
666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989
COUNSEL TO PLAINTIFF AT&T

Charles W. Steese
Steese & Evans, P.C.
6400 S. Fiddlers Green Circle
Suite 1820
Denver, CO 80111
ATTORNEY FOR QWEST
COMMUNICATIONS CORPORATION

Clark I. Mitchell
Grefe & Sidney
2222 Grand Avenue
P.O. Box 10434
Des Moines, Iowa 50306
ATTORNEY FOR GLOBAL
CONFERENCE PARTNERS, LLP

David W. Carpenter
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
COUNSEL TO PLAINTIFF AT&T

David L Lawson
James F Bendernagel, Jr.
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
COUNSEL TO PLAINTIFF AT&T

Robert F. Holz, Jr.  
Steven L. Nelson  
Davis, Brown, Koehn,  
Shors & Roberts P.C.  
The Davis Brown Tower  
215 10th Street, Ste. 1300  
Des Moines, IA 50309  
ATTORNEYS FOR THE FARMERS  
TELEPHONE CO. OF RICEVILLE, IOWA;  
FARMERS & MUTUAL TELEPHONE  
CO.; DIXON TELEPHONE CO.;  
INTERSTATE 35 TELEPHONE CO.; AND  
MEDIAPOLIS TELEPHONE CO.

James Urquhart Troup  
Tony S. Lee  
Venable LLP  
575 7th Street NW  
Washington, DC 20004  
ATTORNEYS FOR REASNOR  
TELEPHONE COMPANY, LLC

Lawrence P. McLellan  
Sullivan & Ward, P.C.  
6601 Westown Parkway, Ste. 200  
West Des Moines, IA 50266  
ATTORNEYS FOR REASNOR  
TELEPHONE COMPANY, LLC

David L. Phipps  
John F. Fatino  
Whitfield & Eddy, PLC  
317 Sixth Avenue, Ste. 1200  
Des Moines, IA 50309  
ATTORNEYS FOR SPENCER  
MUNICIPAL

Phillip L. Douglass  
Charles W. Steese  
Steese & Evans, PC  
6400 S. Fiddlers Green Circle, Ste. 1820  
Denver, CO 80111  
ATTORNEYS FOR QWEST

David S. Sather  
Qwest  
925 High Street, 9S9  
Des Moines, Iowa 50309  
ATTORNEYS FOR QWEST

Mark J. O'Connor  
Lampert & O'Connor, PC  
1776 K Street NW, Ste. 700  
Washington, DC 20006  
ATTORNEYS FOR GLOBAL  
CONFERENCE PARTNERS

Thomas G. Fisher, Jr.  
Parrish, Kruidenier, Moss, Dunn, Boles,  
Gribble, Cook & Parrish LLP  
2910 Grand Avenue  
Des Moines, IA 50312  
ATTORNEYS FOR SUPERIOR  
TELEPHONE COOPERATIVE; GREAT  
LAKES COMMUNICATION CORP.

| | |
|---|---|
| James N. Moskowitz<br>H. Russell Frisby, Jr.<br>Enrico C. Soriano<br>Fleischman and Walsh, LLP<br>1919 Pennsylvania Avenue, N.W., Ste. 6009<br>Washington, D.C. 20006<br>ATTORNEYS FOR SUPERIOR<br>TELEPHONE COOPERATIVE; GREAT<br>LAKES COMMUNICATION CORP. | Paul D. Lundberg<br>Lundberg Law Firm, PLC<br>600 Fourth Street, Ste. 906<br>Sioux City, Iowa 51101<br>ATTORNEY FOR AVENTURE<br>COMMUNICATION TECHNOLOGY |
| Bret Alan Dublinske<br>Dickinson Mackaman Tyler & Hagen P.C.<br>699 Walnut Street<br>1600 Hub Tower<br>Des Moines, Iowa 50309-3986<br>ATTORNEY FOR SPRINT<br>COMMUNICATIONS COMPANY L.P. | Duane C. Pozza<br>Marc A. Goldman<br>Mark D. Schneider<br>Jenner & Block<br>1099 New York Avenue, N.W, Suite 900<br>Washington, DC 20001-4412<br>ATTORNEYS FOR SPRINT<br>COMMUNICATIONS COMPANY L.P. |
| Frederick M. Joyce<br>Venable LLP<br>575 7th Street NW<br>Washington, DC 20004<br>ATTORNEYS FOR<br>FUTUREPHONE.COM, L.L.C. | |

JWAINWRI\593997.1\WP

**CERTIFICATE OF SERVICE**

**The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on October 3, 2008.**

**By**    ☐ **U.S. Mail**    ☐ **Fax**

☐ **Hand Delivery**    ☐ **Private Carrier**

X  **Electronically through CM-ECF**

**Signature** __/s/ Anne E. Stokely _____